People v Joel R. (2025 NY Slip Op 05474)

People v Joel R.

2025 NY Slip Op 05474

Decided on October 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 07, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Shulman, Michael, Hagler, JJ.

Ind. No. 71378/22|Appeal No. 4889|Case No. 2024-04821|

[*1]The People of the State of New York, Respondent,

v

Joel R., Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Emilia King-Musza of counsel), for appellant.

Darcel D. Clark, District Attorney, Bronx (Noah J. Sexton of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Albert Lorenzo, J., at plea; Guy Mitchell, J., at sentencing), rendered June 7, 2024, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the fourth degree, adjudicating him a youthful offender, and sentencing him to time served, unanimously affirmed.

Defendant validly waived his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US , 140 S Ct 2634 [2020]), which forecloses review of his Second Amendment claim pursuant to New York Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]) (see People v Velardo, 228 AD3d 520 [1st Dept. 2024], lv denied 42 NY3d 930 [2024]). In addition, defendant's claim is unpreserved (see People v Cabrera, 41 NY3d 35, 42-51 [2023]), and we decline to review it in the interest of justice. As an alternative holding, we find that although defendant had standing to assert his Second Amendment challenge because, at 18 years of age, it would have been futile for him to apply for a license reserved for those 21 years old or older (see People v Tarazona, 239 AD3d 544 [1st Dept. 2025]), defendant has failed to establish that his conviction is unconstitutional under Bruen.

Defendant's contention that his counsel rendered ineffective assistance by failing to preserve his Second Amendment claim is unreviewable on direct appeal because it involves matters not reflected in the record and, thus, must be raised in a CPL 440.10 motion (see People v Gomez, 186 AD3d 422, 423—424 [1st Dept 2020]). As an alternative holding, we find that counsel was not ineffective for failing to raise a Bruen-based claim (see People v Caban, 5 NY3d 143, 152 [2005]; People v Diallo, 232 AD3d 427 [1st Dept 2024], lv denied 43 NY3d 930 [2025]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: October 7, 2025